CERESTUS OVERSTREET *vs.* THOMAS TRAINER.

The law requires of every executor a faithful execution of the trust reposed in him, and he has the right to scrutinize every charge made or attempted to be

established against the trust estate. *Held*, therefore, that this judgment is one from which the party affected by it may prosecute his writ of error.

The rule of law requiring all the parties to a judgment at law to join in prosecuting a writ of error, does not apply to decrees of the chancery or probate courts.

The reversal of a judgment at law as to one party reverses it as to all; but this rule does not apply to decrees of the chancery and probate courts.

THIS was a motion made to dismiss the writ of error in this court for want of jurisdiction.

*D. Mayes,* for the motion.

*Dyer & Hooker,* contra.

Mr. Justice FISHER delivered the opinion of the court.

This is a writ of error to a final decree of the probate court of Holmes county; and the case is now before us upon a motion to quash the writ of error, upon the following grounds assigned by counsel:

"1. An executor cannot prosecute a writ of error in this court against his co-executor, to reverse an order of the probate court making an allowance to such co-executor for his services.

"2. The allowance being matter of discretion, is not the subject of appeal or writ of error."

The facts presented by the record are these: The plaintiff and defendant were joint executors of the last will and testament of C. B. Overstreet, proved in the probate court of Holmes county. The defendant in error returned no inventory of any part of the estate, but in his own language, he "received nothing." The plaintiff in error returned an inventory, exceeding in amount $10,000. At the April term, 1850, of the court, the defendant in error presented his final account, showing that he had paid out on account of the estate the sum of $92.50. At the following July term of the court, he made a final settlement, when the court allowed him the sum of 2 1-2 per cent. commissions on the amount of the inventory returned by the plaintiff in error. The order further directs that the sum so

allowed, amounting to $262.50, be levied by execution of the goods and chattels which were of said estate in the hands of his co-executor, Cerestus Overstreet, to be returnable, &c.

This is a judgment against the executor to be satisfied out of the assets in his hands, which he has a right to treat as any other judgment against the estate, and to contest its validity. The question is not, whether he can contest the allowance made to his co-executor, but whether the co-executor has any right to call on him, or the estate he has administered, for payment.

The law requires of every executor a faithful execution of his trust. He has, therefore, the right to scrutinize every charge made or attempted to be established against the trust estate. We deem it impolitic to express any opinion in advance of the argument of counsel as to the merits of the claim. All that we intend to decide is, that the judgment is one from which the party affected by it can prosecute his writ of error.

We could not well say any thing upon the second reason assigned by counsel, without touching upon the merits of the claim, — a point we desire to leave open, that counsel may not be embarrassed in the argument hereafter to be made. The first point, however, really disposes of the second one.

As to the motion to quash the writ of error sued out by the plaintiff as heir in his own name, without joining the other heirs therein, we are of opinion that the rule as to writs of error to judgments at law does not apply to decrees of the chancery or probate courts.

A reversal of a judgment at law as to one party reverses as to all. This rule, however, does not apply to probate court or chancery decrees.

Motion overruled.